IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| COREY CALHOUN, ) | |
| ) | CIVIL ACTION NO. 0:07-2630-HFF-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| SHERIFF DAN WIDEMAN, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

       This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Greenwood County Detention Center, alleges violations of his constitutional rights by the named Defendant.

       The Defendant has filed a motion for summary judgment in which he argues, inter alia, that the Plaintiff was released from the Greenwood County Detention Center on or about October 16, 2007, and has not provided the Clerk of Court nor Defense counsel with notice of his change of address. Additionally, the Plaintiff has not filed any change of address notification. A review of the docket confirms that the Clerk of Court has attempted to send a recent order of the Court to the Plaintiff, but the envelopes were returned by the U.S. Postal Service bearing the notation "Not Here, Return to Sender, Unable to Forward".

       The Court notes that, when Plaintiff filed this action, he was specifically instructed as follows:

    You are ordered to always keep the Clerk of Court advised **in writing...**if your



> address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

<u>See</u> Order filed August 1, 2007.

Plaintiff has failed to comply with this order since his mail has now been returned, and as a result neither the Court nor the Defendant has any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the Plaintiff in the Court's order of August 1, 2007, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P., subject to the instructions hereinbelow. The Clerk is directed to send this Report and Recommendation to the Plaintiff at his last known address.

**If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. <u>See</u> <u>Love v. Federal Bureau of Investigation</u>, 2002 WL 2030828, *1 (N.D. Tex. 2002); <u>Ryidu-X v. Maryland Division of Correction</u>, 30 Fed Appx. 193 (4th Cir. 2002); <u>Woltz v. Chater</u>, 74 F.3d 1235, 1996 WL



23314 (4th. Cir. 1996).

        The parties are also referred to the Notice Page attached hereto.

                                                                                  Bristow Marchant
                                                                                United States Magistrate Judge

Columbia, South Carolina

January  3,   2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).